**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ANTONIO RAFAEL MONTERO MORLOTTI, | Civil Action No. |
| Petitioner, | 05-1396 (FLW) |
| v. |  |
|  | **OPINION** |
| WARDEN JOHN NASH, et al. |  |
| Respondenta. |  |

**APPEARANCES**

    ANTONIO RAFAEL MONTERO MORLOTTI, #31601-048
    Petitioner Pro Se
    FCI Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

    LOUIS J. BIZZARI, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE, United States Attorney
    Office of the U.S. Attorney
    401 Market Street, 4th Floor
    Camden, New Jersey 08101

**WOLFSON, DISTRICT JUDGE**

    Plaintiff Antonio Rafael Montero Morlotti ("Montero Morlotti"), a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Respondents are John Nash, Warden of FCI Fort

---

[1] Section 2241 provides in relevant part:

Dix, the INS, and the United States Attorney General (Petition., Caption.)  Respondents have answered the Petition and moved to dismiss the Petition.  As it appears after review of the submissions that Petitioner is not entitled to issuance of the writ, the Court will deny relief and dismiss the Petition.

## I.  BACKGROUND

Petitioner was sentenced on May 16, 1997 in the U.S. District Court for the District of Nevada for Distribution of a Controlled Substance.  (Answer, Statement of the Case.)  He received a sentence of 151 months imprisonment, with a following five year period of supervised release.  (Id.)  On July 7, 1999 the former INS (now the BICE) lodged a detainer with FCI Allenwood, Allenwood, Pennsylvania, requesting to be notified no later than 30 days before the date of Petitioner's release.  (Id.) Petitioner was ordered to be removed from the United States at the end of his sentence on January 26, 2000.  (Pet., p.2.) Petitioner mentions that for various legal reasons he can not be deported to Cuba; however, his fundamental claim is that the INS detainer impairs his right to an improved prison classification

---

Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . .  (c) The Writ of habeas corpus shall not extend to a prisoner unless- . . .  (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

and his access to rehabilitative programs. (Id.,p.4.)
Petitioner allegedly has attempted to persuade the INS to remove the detainer in light of this loss of privileges, but has received no response. (Id.)

## II. DISCUSSION

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody. A petition brought under § 2241 challenges the very fact or duration of imprisonment, and seeks a determination that a petitioner is entitled to immediate release or a speedier release from that imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973). See also Benson v. New Jersey State Parol Board, 947 F.Supp. 827, 829-31 (D.N.J. 1966)(§ 2241 generally appropriate for claims challenging execution of sentence for which immediate or speedier release is appropriate); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255; challenges to the manner in which a sentence is being executed should be brought under § 2241).

The Petition appears to present a due process claim with respect to Petitioner's inability to participate in rehabilitative programs or to obtain more favorable classification status because of the lodgment of the INS

3

detainer.  The Due Process Clause applies when government action deprives a person of liberty or property.  <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979). Liberty interests protected by the Due Process Clause may arise from the Due Process Clause itself or from the laws of the states.  <u>Sandin v. Connor</u>, 515 U.S. 472,483-84 (1995); <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-67 and n. 4 (1983).  "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (19760; <u>see also</u> <u>Vitek v. Jones</u>, 445 U.S. 480, 493 (1980).  A federal inmate such as Montero Morlotti has no liberty interest arising by force of the Due process Clause in participating in rehabilitative programs, <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976), retaining minimum custody status, <u>Meachum v. Fano</u>, 427 U.S. 215, 223-25 (1976), or being released on parole prior to the expiration of his sentence, <u>Greenholtz</u>, 442 U.S. at 7.

    Plaintiff simply does not enjoy any constitutional right to any programs or services which he allegedly is disqualified from because of the detainer.  As stated by the Court in <u>Ramirez v. Hemingway</u>, 2003 WL 2187256, *2 (E.D.Mich. July 22, 2003):

> Petitioner claims that his constitutional rights have been violated because the detainer caused him to be denied educational and rehabilitative programs, desirable work assignments, appropriate security level housing, and other unspecified benefits which he claims would otherwise be available to him. Congress has given federal prison officials full discretion to control prisoner classification and eligibility for rehabilitative programs, 18 U.S.C. § 4081; thus, a prisoner "has no legitimate statutory or constitutional entitlement [to these programs] sufficient to invoke due process." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). In addition, Petitioner has no constitutional right to be housed in a particular prison, assigned a particular security classification, or provided certain educational programs. Meachum v. Fano, 427 U.S. 215 (1986). Thus, Petitioner's claims that the detainer has precluded him from participating in certain prison programs fail to establish any constitutional violation.

See also McDonald v. New Mexico Parole Bd., 955 F.2d 631, 634 (10th Cir. 1991), cert. denied, 504 U.S. 920 (1992)("Even if Petitioner's claims were well grounded, however, the Supreme Court has rejected the concept that these kinds of adverse consequences of state action trigger a due process concern." Citing Moody, 429 U.S. at 88 n. 9.)

### III. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's § 2241 application and dismiss the Petition.

An appropriate Order accompanies this Opinion.

                                            s/Freda L. Wolfson
                                              **FREDA L. WOLFSON**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED: October 6, 2005**